PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TRACY STEVENS,

           Plaintiff,

    -v-

TOWN OF AMHERST, ERIE COUNTY
MEDICAL CENTER, KAREN
BASCAGLIA, JEFFREY KLEIN,

           Defendants.

_____

**DECISION AND ORDER**
15-CV-537S

## **INTRODUCTION**

Plaintiff Tracy Stevens[1] has filed a *pro se* complaint (Docket No. 1), a motion for leave to proceed *in forma pauperis* (Docket No. 2), and a motion to appoint counsel (Docket No. 3). Plaintiff is granted permission to proceed *in forma pauperis*, but for the reasons stated below, to the extent the complaint purports to raise federal civil rights claims under 42 U.S.C. § 1983, it is dismissed because (1) it fails to state a claim upon which relief can be granted, and (2) two of the defendants---"Bascaglia" and Klein[2]---are entitled to absolute judicial immunity. And to the extent Plaintiff alleges state common law claims of medical malpractice and libel against ECMC, those claims are dismissed without prejudice, on the basis that the Court declines to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c). Finally, Plaintiff's motion to appoint counsel is denied as moot.

---

[1] Plaintiff has filed a number of other *pro se* cases in this court: *Stevens v. Landes, et al.*, 13-CV-643S; *Stevens v. United Healthcare/Optum, et al.*, 14-CV-297S; and *Stevens v. Ashley Management, et al.*, 15-CV-462S.

[2] Plaintiff's complaint sets forth no facts or claims against defendants "Karen Bascaglia" and "Jeffrey Klein," who the Court presumes are intended to be Town of Amherst Town Justices Kara Buscaglia and Geoffrey Klein. See www.amherst.ny.us.gov.

**BACKGROUND**

Plaintiff alleges that on February 18, 2015, during a "medical event," officers from the Town of Amherst police department arrested her and denied her access to medical care. Plaintiff claims that she was suffering from severe hypoglycemia and also suffers from diabetes and a "chronic illness" that affects her brain function. (Complaint, Section 5A, First Claim, at 3-4). She claims that she was harassed and told to make a statement regarding the incident, despite the fact that she was "severely ill" and unable to provide all details. Plaintiff alleges that she advised "them"---presumably Town of Amherst police officers---that an individual named Anthony Thomas came into her home, harassed her, threw mail from the courts at her, and "pursued" her yelling and screaming at her while she was "ill" and attempting to prepare food. Plaintiff claims that once she returned to the Town of Amherst jail, she did not receive proper follow-up care. (*Id.* at 4.) Plaintiff seeks monetary damages, including punitive damages.

Plaintiff further claims that on February 18 and 19, 2015, defendant, Erie County Medical Center ("ECMC"), and a nurse and physician at ECMC, failed to employ "accepted medical practices" while she was at ECMC for treatment. Plaintiff alleges that she was "taken off the floor" by the "ambulance" crew, presumably an Emergency Medical Technician or some other ambulance or emergency personnel, who tried to force her to take oral glucose, which she could not have because of her medical condition. Plaintiff maintains that this individual should have started an IV instead. Plaintiff also claims that ECMC libeled her when it noted in her medical records that she was assaulted by someone in her home. (Complaint, Section 5B, Second Claim, at 4.) Plaintiff seeks monetary damages for medical malpractice, libel, and damage to her professional "image" as a nurse.

**DISCUSSION**

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), she is granted permission to proceed *in forma pauperis*.  Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).  "The policy of liberally construing pro se submissions is driven by the understanding that '[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Abbas*, 480 F.3d at 639 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir 2008) (discussing pleading standard in *pro se* cases after *Twombly*). "A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94 (internal quotation marks and citations omitted).

To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Additionally, while *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court should look for such allegations by reading the complaint with 'special solicitude' and interpreting it to raise the strongest claims it suggests." *Austin v. Fischer*, 453 Fed.Appx. 80, 83 (2d Cir. 2011) (Summary Order) (citing *Triestman v. Fed. Bureau. of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006)) (quoting *Routolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994)).

Based on its evaluation of the complaint, the Court finds that Plaintiff's federal civil rights claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), because they fail to state a claim upon which relief may be granted and because they are brought against defendants who are immune from monetary relief. In addition,

Plaintiff's state common law claims must be dismissed because the Court declines to exercise supplemental jurisdiction over them.

Because plaintiff proceeds *pro se*, the Court must "construe[ ] [her] [complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.,* 723 F.3d 399, 403 (2d Cir.2013) (internal quotation marks omitted). Plaintiff does not set forth a jurisdictional basis for her claims herein and states only that the "Nature of Suit" is "malpractice, tort, harassment, medical care denial, false arrest, [and] false imprisonment." (Complaint, Section 2 A, C, at 1.)  Liberally construing the complaint, the Court construes it as alleging claims of inadequate medical care and false arrest or false imprisonment under 42 U.S.C. § 1983, and claims of medical malpractice and libel under New York State common law.

**A.    42 U.S.C. §1983: Federal Civil Rights Claims**

Plaintiff sues the Town of Amherst and alleges that officers of the Town of Amherst police department arrested her during a medical event, allegedly a hypoglycemic or diabetic event, and denied her access to medical care. She also sues Town Justices Buscaglia and Klein but sets forth no facts whatsoever against them. The Court can presume only that they were involved in her Town Court proceedings following her alleged arrest.

Plaintiff's complaint fails to state a claim upon which relief can be granted against the Town of Amherst because there are no allegations that the officers who were involved in the apparent arrest and denial of medical care acted pursuant to a policy or custom of the Town. Although municipalities are considered "persons" for purposes of 42 U.S.C. § 1983, a local government such as the Town of Amherst may not be held

liable under § 1983 unless the challenged action was performed pursuant to a municipal policy or custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Municipalities are not subject to § 1983 liability solely on the basis of a respondeat superior theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694.

To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citations and quotations omitted); *see Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy.").

Here, Plaintiff does not contend that any of the alleged constitutional violations were caused by or occurred pursuant to an official custom or policy of the Town of Amherst, and thus Plaintiff has failed to state a § 1983 claim against the Town.

The complaint must also be dismissed as to Justice Buscaglia and Justice Klein for failure to state a claim upon which relief can be granted because it sets forth no facts alleging any personal involvement or misconduct on their part. For a plaintiff to establish a claim against a defendant in a § 1983 action, the plaintiff must allege that the defendant had some personal involvement in the allegedly unlawful conduct. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, to the extent Plaintiff's claims against Justice Buscaglia and Justice Klein are based on their roles as Town Justices

who may have been involved in Plaintiff's court proceedings involving the arrest at issue, Justice Buscaglia and Justice Klein would be entitled to absolute judicial immunity on those claims  *See, e.g., Mireles v. Waco*, 502 U.S. 9, 10 (1991) (finding that it is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities) (citation omitted)).

Accordingly, Plaintiff's claims against the Town of Amherst and Town Justices Buscaglia and Klein are dismissed with prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  While leave to amend a *pro se* complaint should be permitted at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]" *Shomo v. City of N.Y.*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), leave may be denied where amendment would be futile.  *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").  The Court finds that any amendment of these claims would be futile and leave to amend is denied.

### B. State Common Law Claims

Plaintiff alleges that she was transported by ambulance to ECMC from the jail and that ECMC did not follow "accepted medical practices."  She also alleges that the ambulance crew attempted to force her to take oral glucose, which was contra-indicated for her medical condition.  Plaintiff does not sue the ambulance company or the volunteer fire company that may have transported her to the hospital.  Plaintiff also alleges that ECMC libeled her when it stated in her medical chart that she had been assaulted.

7

Plaintiff's claims against ECMC sound in medical malpractice and libel, which are both state common law tort claims, which the Court declines to exercise supplemental jurisdiction over because the federal claims over which it does have jurisdiction are, as addressed above, being dismissed in their entirety. *See* 28 U.S.C. § 1367(c); *see, e.g.*, *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir. 2004) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (internal quotation and alteration marks omitted)).

## **CONCLUSION**

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the claims against defendants, the Town of Amherst, and Town Justices Kara Buscaglia and Geoffrey Klein, are dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Plaintiff's remaining claims against ECMC are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

**ORDERS**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* (Docket No. 2) is GRANTED and her motion for the appointment of counsel (Docket No. 3) is DENIED as moot;

FURTHER, that the claims against defendants, the Town of Amherst and Town Justices Kara Buscaglia and Geoffrey Klein, are DISMISSED with prejudice, and the claims against defendant, the Erie County Medical Center, are DISMISSED without prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied;

FURTHER, the Clerk of the Court is DIRECTED to close this case.

SO ORDERED.

Buffalo, NY
February 23, 2016

/s/William M. Skretny
William M. Skretny
United States District Judge